IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE MIGUEL HILARIO,

    Petitioner,

v.                                                               CASE NO. 5:13-cv-24-SPM-GRJ

WARDEN, FCI MARIANNA,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in federal custody proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner did not, however, file a motion for leave to proceed *in forma pauperis* or pay the filing fee. Petitioner has also failed to file the required two identical service copies of the petition.

The Court notes that Petitioner's allegations in his original petition are vague, and the grounds for his challenge to his federal sentence are unclear. Accordingly, the Court will order Petitioner to file an amended petition with greater factual detail about his federal sentence and the nature of his challenge to its execution. Petitioner is advised that the amended petition must contain all of his allegations, and it should not in any way refer to the original pleading. The amended petition completely replaces all previous petitions; when an amended petition is filed, all earlier petitions are disregarded. Local Rule 15.1, Northern District of Florida.

Petitioner is advised that prior to filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241, he must exhaust his administrative remedies within the Bureau of Prisons (BOP). The responsibility for executing a federal sentence lies with the Attorney General of the United States, who has delegated such responsibility to the

BOP.[1]  The BOP has formulated an administrative remedy program through which federal inmates may challenge the BOP's sentence computation.[2]

Although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a writ of habeas corpus pursuant to § 2241, the Eleventh Circuit has nonetheless held that exhaustion is jurisdictional.[3]  Therefore, in order to obtain judicial review of a sentence computation by the BOP, a federal inmate must first exhaust his available administrative remedies within the BOP's administrative remedy program.[4]  The instant filing states that Petitioner has pursued none of his grounds for relief through the administrative remedy process.  In his amended petition, Petitioner must state what administrative remedies he pursued prior to filing the petition.

Accordingly, it is **ORDERED**:

1. The clerk is directed to send to Petitioner an application to proceed in forma pauperis and a copy of the form for use in Section 2241 cases. This case number should be written on the forms.

2. **On or before February 21, 2013,** Petitioner shall (1) either pay the filing fee of $5.00 or submit a fully completed application to proceed in forma pauperis, **AND** (2) file an amended habeas petition, which shall be typed or clearly written,

---

[1]  United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

[2]  The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal procedures fail to achieve the desired results. 28 C.F.R. § 542.10, et seq.  The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located.  Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal.

[3]  Winck v. England, 327 F.3d 1296, 1300 n. 1 (11th Cir. 2003) (citations omitted).

[4]  See United States v. Mitchell, 845 F.2d 951, 952-53 (11th Cir. 1988); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982).

submitted on the court form, and marked "Amended Petition." Petitioner shall also file two identical service copies of the amended petition.

3. Petitioner's failure to comply with an order of this court may result in a recommendation that this case be dismissed without further notice.

**DONE AND ORDERED** this 22nd day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge